# Exhibit 4

to

# Defendant's Motion to Dismiss



# United States Department of the Interior

OFFICE OF THE SECRETARY
WASHINGTON, D.C. 20240

MAR 9 1978

Mr. William E. Hammett
Administrative Law Judge
Office of Hearings and Appeals
Room E-2440
2800 Cottage Way
Sacramento, California 95825

Dear Mr. Hammett:

Enclosed for your information is a copy of the decision in the disputed ownership of reservation lands between the Mesa Grande and Santa Ysabel Bands.

I want to thank you for your effort in this matter.

Sincerely,

Forrest J. Gerard
Assistant Secretary--Indian Affairs

Enclosure



[..... 1978]

WILLIAM E. HAMMETT
ADMINISTRATIVE LAW JUDGE
OFFICE OF HEARINGS AND APPEALS
SACRAMENTO, CALIFORNIA





United States Department of the Interior

OFFICE OF THE SECRETARY
WASHINGTON, D.C. 20240

MAR 9 1976

DECISION OF THE ASSISTANT SECRETARY OF THE INTERIOR FOR
INDIAN AFFAIRS IN THE MATTER OF BENEFICIAL OWNERSHIP
BETWEEN THE MESA GRANDE AND SANTA YSABEL BANDS
OF MISSION INDIANS OF CERTAIN RESERVATION
LANDS

By letters dated July 11 and October 3, 1973, Assistant to the Secretary for Indian Affairs, Marvin Franklin, requested that the Department's Office of Hearings and Appeals conduct a hearing and make a recommended decision on the question of beneficial ownership to two of three tracts of land that under the Mission Relief Act of 1891, 26 Stat. 712, were patented to the Santa Ysabel Band of Mission Indians.

Hearings were held in San Diego, California, on October 24, 1974, and February 4, 1975, before Administrative Law Judge William Hammett. The Mesa Grande Band of Mission Indians was the moving party and consequently had the burden of proving that the patents issued for the two tracts by the Secretary were in error. An expert, Dr. Lowell Bean, was employed at the Bureau's expense to investigate the issues involved and to prepare a report. Mr. Bean was a witness at the second hearing in which his report was introduced.

-2-

Judge Hammett submitted recommended conclusions, findings of fact and special findings and conclusions on February 7, 1976. The recommended findings and conclusions are incorporated herein by reference and a copy is attached to this decision.

The Judge identified three issues central to the question of whether the patents to the two tracts patented to Santa Ysabel were erroneously issued: 1) whether the Mesa Grande and Santa Ysabel Bands were distinct bands of Mission Indians in the year 1893 when the patents were issued; 2) who occupied and used each of the three tracts officially patented to the Santa Ysabel Band in 1893; and 3) whether the patents issued in 1893 reflected the intent and recommendation of the Smiley Commission.

The facts are briefly as follows: By executive order of December 27, 1875, tracts of reservation lands were withdrawn for the Mission Indians of southern California. In this order, the three tracts were withdrawn for "Santa Ysabel. Including Mesa Grande. . . ." In an executive order of June 19, 1883, a nearby small tract was withdrawn for Mission Indians. This tract is now denominated the Mesa Grande Indian Reservation. In 1891, Congress passed the Mission Relief Act, 26 Stat. 712, which called for the

-3-

Secretary of the Interior to appoint a three-member commission which was to investigate the Mission Indians, ". . . select a reservation for each band or village . . . which shall include, as far as practicable, the lands and villages which have been in actual occupation and possession of said Indians. . . ." Relief Act, section 2, and report their findings to the Secretary who was then to issue patents to the lands selected by the commission, id., section 3. The Commission--known as the Smiley Commission-- recommended that the small tract withdrawn in 1883 be patented to Mesa Grande and that the three larger, somewhat close-by, but noncontiguous tracts be patented to Santa Ysabel. A map of the lands involved is attached. The report of the Commission was followed and patents were issued in 1893.

When in the late 1960's Mesa Grande attempted to secure loans from the Department of Housing and Urban Development for the construction of homes on their "reservation," they learned, apparently for the first time in the recent past, that the lands in two of the three tracts--referred to as Tracts 1 and 2--had been patented to Santa Ysabel. Mesa Grande then requested that this Department administratively cancel the patents and reissue them in their name.

-4-

The legal theory of Mesa Grande, as stated by Judge Hammett, Recommended Decision, p. 6, is that Mesa Grande was a separate and distinct band of Indians at the time of the Smiley Commission's investigation and that they were then in occupation of the two disputed tracts.

The Administrative Law Judge's recommended findings and conclusions may be summarized as follows. Conclusions: There may have been an historical separation of the two bands but as of 1893 that separation may have been lost through intermixture of the members of the two groups and the Smiley Commission, which presumably made a thorough investigation, became aware of the intermixture so that there appears to be no justification for overturning the Commission's recommendation. Findings of Fact: That although there is evidence of separation of the two groups, that evidence is conflicting and because of the serious implications of a decision reversing the Smiley Commission a higher standard of proof than a mere preponderance of evidence is required--that of clear and convincing proof--and applying this standard Mesa Grande has failed to overcome the presumption that the Smiley Commission did not err. The Judge, in the findings of fact, also recommended the establishment of a new tribal governing structure which

-5-

would reflect the ownership rights of Santa Ysabel and the occupation of the tracts by those of Mesa Grande. The Judge also recommends that if Mesa Grande is to seek relief it must do so in Federal District Court. In the Special Findings and Conclusions, Judge Hammett points out that, under the law, patents are presumptively valid on their face. Thus, the only means of attacking a patent, such as Mesa Grande does, is through a proceeding in Federal Court.

Exceptions to the Recommended Decision were filed by attorneys representing the two groups; a response and a counter-response were filed to the exceptions.

## DECISION

Based on the record before the Administrative Law Judge, his Recommended Decision and the exceptions and responses, the Recommended Decision is hereby adopted as my decision. Thus, the request by the Mesa Grande Band for administrative relief to cancel the patents for Tracts 1 and 2 and to reissue the patents to them is denied.

*Forrest J. Gerard*
Assistant Secretary--Indian Affairs

