**Plaintiff's Exhibit 22**



United States Department of the Interior

OFFICE OF THE SOLICITOR

IN REPLY REFER TO:

Copies To:
— Hoopa..
— Palm Springs
X Riverside

JUL 11 1973

Memorandum

To: Director, Office of Hearings and Appeals

From: Assistant to the Secretary for Indian Affairs

Subject: Dispute between Mesa Grande Band of Mission Indians and Santa Ysabel Band of Mission Indians regarding ownership of reservation lands in California

This office and the Solicitor's Office presently have under consideration a claim by the Mesa Grande Band of Mission Indians that a trust patent to two tracts of land located in Southern California was mistakenly issued in 1893 to the Santa Ysabel Band of Mission Indians. The Mesa Grande Band contends that their band was actually occupying the two tracts of land back in 1893 and has continued to occupy the two tracts up to the present time and until recently even the Bureau of Indian Affairs administered the affairs of the two bands as if the two tracts in question were patented to the Mesa Grande Band and not the Santa Ysabel Band. There appears to even be some support for this contention from the Bureau of Indian Affairs records that indicate that in the past the two tracts of land have been referred to as the "Mesa Grande Reservation".

We have concluded that the claim of the Mesa Grande Band poses some fundamental factual issues which would be most appropriately resolved by conducting a hearing in California at which members and representatives of both bands as well as other persons would have an opportunity to testify and establish a factual record regarding which band or bands occupied these two tracts of land from approximately 1870 to the present time, and to the existence of these two bands as identifiable groups and the relationship between the two bands. We anticipate that the Bureau of

-2-

Indian Affairs would fund an anthropologist to make a
study of the two bands and to present testimony at
the hearing. After a factual record is established through
the hearing process, the matter would be returned to this
office for a Secretarial determination as to whether in
fact a mistake did occur in the issuance of the patent,
and if a mistake did occur, whether the problem can be
resolved administratively or whether resolution of the
problem can only be judicial or legislative.

We therefore request that the Office of Hearings and
Appeals conduct a hearing so that a factual record can be
established upon which a Secretarial determination
can be made. We would suggest that the exact scope of
the hearing and procedures regarding the hearing could
be established at a joint meeting between your office,
this office and the Solicitor's Office. If for any
reason you believe that it would be inappropriate
for your office to conduct the type of hearing requested,
would you advise us of this fact.

                (Sgd) Marvin L. Franklin

                Marvin L. Franklin

Copy to:
BIA: Attn: Trust Responsibilities
BIA, Area Director, Sacramento
Regional Solicitor, Sacramento