IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| **Mesa Grande Band of Mission Indians**, | Case No. 14-1051 L |
| Plaintiff; | Judge Charles F. Lettow |
| v. | |
| **United States**, | |
| Defendant. | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS**

JOHN C. CRUDEN
Assistant Attorney General
KRISTOFOR R. SWANSON
Senior Trial Attorney
Natural Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

March 20, 2015

# **Table of Contents**

Introduction ................................................................................................ 1

I.     If the 1926 Act Vested Beneficial Interest for the 1926 Parcel Upon Its
       Enactment, that Interest Vested in the Beneficial Interest Holder for
       Santa Ysabel Tract One, Which Was Not and Never Has Been the Mesa
       Grande Band ................................................................................... 2

II.    The Statutory Link Between the 1926 Parcel and Santa Ysabel Tract One
       Means the Mesa Grande Band's Present Claims Accrued No Later Than
       the End of the Administrative Proceedings in April 1978 .............................. 7

III.   The Mesa Grande Band Cannot Demonstrate a Property Interest in the
       1926 Parcel Because the Band Concedes that It Was Not and Is Not the
       Beneficial Interest Holder for Santa Ysabel Tract One ................................. 10

IV.   Any Factual or Legal Dispute Over the Beneficial Interest Holder for
       Santa Ysabel Tract One Could Not Proceed Because Santa Ysabel is a
       Necessary Party that Cannot Be Joined Due to Sovereign Immunity ........... 15

Conclusion ................................................................................................ 20

# Table of Authorities

**Cases**

*Bourgeois v. United States,*
    545 F.2d 727 (Ct. Cl. 1976) ..................................................... 14

*Gila Gin Co. v. United States,*
    231 Ct. Cl. 1001 (1982) ......................................................... 14

*Gilead Sciences, Inc. v. Lee,*
    No. 2014-1159, 2015 WL 795015 (Fed. Cir. Feb. 26, 2015) .................... 2

*Ingrum v. United States,*
    560 F.3d 1311 (Fed. Cir. 2009) .............................................. 8

*Karuk Tribe v. Ammon,*
    209 F.3d 1366 (Fed. Cir. 2000) .............................................. 16

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,*
    58 F.3d 616 (Fed. Cir. 1995) ............................................... 11

*Oak Forest, Inc. v. United States*
    23 Cl. Ct. 90 (1991) ..................................................... 14, 15

*Petro-Hunt, L.L.C. v. United States,*
    90 Fed. Cl. 51 (2009) ...................................................... 9

*Quileute Indian Tribe v. Babbitt,*
    18 F.3d 1456 (9th Cir. 1994) .............................................. 17

*Ram Energy Inc. v. United States,*
    94 Fed. Cl. 406 (2010) .................................................... 9

*Rosales v. United States,*
    89 Fed. Cl. 565 (2009) ................................................... 17

*Simons v. United States,*
    74 Fed. Cl. 709 (2006) ................................................... 11

*United Keetoowah Band v. United States (UKB),*
    480 F.3d 1318 (Fed. Cir. 2007) .......................................... 18, 19

*Underwood Livestock, Inc. v. United States,*
    89 Fed. Cl. 287 (2009) ................................................... 13

*United States v. Mottaz,*
    476 U.S. 834 (1986) ..................................................... 15

*United States v. Utah Constr. & Mining Co.,*
  384 U.S. 394 (1966) ................................................................. 13

*Yaist v. United States,*
  656 F.2d 616 (Ct. Cl. 1981) .................................................... 14

**Statutes**

28 U.S.C. § 2501 ................................................................. 1, 10

28 U.S.C. § 2409a(a) ............................................................... 15

Pub. L. No. 69-280, 44 Stat. 496 (2006) ........................... *passim*

**Rules**

RCFC 19 ....................................................................... 1, 15, 18

## Introduction

The Mesa Grande Band's opposition brief is based upon a theory that the 1926 Act reads as if it states that the 1926 Parcel "shall be set aside for the Mesa Grande Band." But the statute says no such thing. It instead directs that the 1926 Parcel "be added to and become a part of" Santa Ysabel Tract One, thus making the 1926 Parcel part of the Tract One reservation. *See* Pub. L. No. 69-280, 44 Stat. 496 (1926). It is undisputed that since no later than April 1978 the Mesa Grande Band has known with certainty that Santa Ysabel Tract One is held in trust by the United States for the benefit of another tribe, the Iipay Nation of Santa Ysabel ("Santa Ysabel"). Those facts and the plain language of the 1926 Act combine to present three independent reasons why this case should be dismissed: (1) the Mesa Grande Band's claims accrued no later than April 1978 and its case is therefore time-barred under 28 U.S.C. § 2501; (2) the Mesa Grande Band cannot demonstrate that it ever held a property interest in the 1926 Parcel and it therefore cannot state a claim for which relief can be granted; and (3) Santa Ysabel is a necessary and indispensable party that cannot be joined because of sovereign immunity and the case should therefore not proceed under Rule 19 of the Rules of the Court of Federal Claims.

I.    **If the 1926 Act Vested Beneficial Interest for the 1926 Parcel Upon Its Enactment, that Interest Vested in the Beneficial Interest Holder for Santa Ysabel Tract One, Which Was Not and Never Has Been the Mesa Grande Band**

The Mesa Grande Band argues that the 1926 Act vested the Band with the beneficial interest for the 1926 Parcel. *See* Pl.'s Mem. in Opp'n to U.S. Mot. to Dismiss 4, ECF No. 10 ("Pl.'s Br.") ("conveying an immediate interest and vesting a present property right to the 80 acres in the Band as of the Act's effective date."); *id.* at 7 ("Congress' will that the 1926 Tract be set aside for the Mesa Grande's benefit . . . ."); *id.* at 11 ("property rights vested in the Mesa Grande Band on May 10, 1926 by specific congressional action."); *id.* at 21 ("was intended to vest a present legal title in Mesa Grande."). This presents a question of statutory interpretation.

"The starting point in every case involving construction of a statute is the language itself." *Gilead Sciences, Inc. v. Lee*, __ F.3d __, No. 2014-1159, 2015 WL 795015, at *4 (Fed. Cir. Feb. 26, 2015) (quoting *United States v. Hohri*, 482 U.S. 64, 69 (1987)) (internal quotation marks omitted). "'Absent a clearly expressed legislative intention to the contrary, [the statute's plain] language must ordinarily be regarded as conclusive.'" *Id.* (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)) (alteration in original).

The 1926 Act's plain language does *not* direct that the 1926 Parcel be given to the Mesa Grande Band, but that it be added to Santa Ysabel Tract One. Specifically, the Act states that the 1926 Parcel is "set apart and reserved for the occupancy and use of the Indians of the Mesa Grande Reservation, known also as

Santa Ysabel Reservation Numbered 1 . . . to be added to and become a part of said Indian reservation." Pub. L. No. 69-280, 44 Stat. 496 (1926) (Def.'s Ex. 6, ECF No. 7-6). The statute set aside the 1926 Parcel for the benefit of whichever tribe held the beneficial interest in Santa Ysabel Tract One, whether that be Santa Ysabel, the Mesa Grande Band, or some other tribe. The Mesa Grande Band, however, concedes that in 1926 (and at all times thereafter) the beneficial interest holder for Santa Ysabel Tract One was Santa Ysabel. *See* Compl. ¶¶ 8, 19.

The Band attempts to overcome the statutory language by arguing that the Act is ambiguous and that other documents support a conclusion that Congress intended the 1926 Parcel for the Mesa Grande Band. *See* Pl.'s Br. at 16–19. Neither argument is correct.

The language in the 1926 Act is not ambiguous. It states that the 1926 Parcel is to be added to the reservation that is Santa Ysabel Tract One. *See* 44 Stat. at 496–97. The Band asserts an ambiguity in whether the land was to be added to the Mesa Grande Reservation or Santa Ysabel Tract One. *See* Pl.'s Br. at 17. This is contrary to what the Band alleges in its Complaint. *See* Compl. ¶ 19 ("The 1926 Act identified Santa Ysabel Tract 1 as the 'Mesa Grande Reservation' and declared that the 80 acres was an addition thereto."). In any event, the Band's argument is defeated by the Act's plain language, which refers to "the Mesa Grande Reservation, *known also as* Santa Ysabel [Tract One]." 44 Stat. at 496 (emphasis added). Congress was referring to a single reservation known by two different names, thus

providing additional clarity on where it intended the 1926 Parcel to go.[1]  *See* Compl. ¶ 15.  The Band's reference to the Southern California Indian Land Transfer Act only further undercuts its argument.  *See* Pl.'s Br. at 19 n.13 (citing Pl.'s Ex. 20, S. Cal. Indian Land Transfer Act, Pub. L. No. 100-581, Title VII, 102 Stat. 2938, 2946–47, § 702(a) (1988)).  There, unlike here, Congress expressly stated that the "Mesa Grande Band" was to be the beneficiary for the land in question.  *See* Pl.'s Ex. 20 (ECF No. 10-20).

Later in its brief, the Mesa Grande Band contradicts itself, arguing that the 1926 Act is not ambiguous because the plain language vested beneficial ownership in the Band.  *See* Pl.'s Br. at 20 (arguing that the Band's property interest "is established by the language of the 1926 Act itself").  The Band bases that conclusion on the statute's statement that the 1926 Parcel is "'set apart and reserved for the occupancy and use of the Indians of the Mesa Grande Reservation.'"  *Id.* (quoting Pl.'s Ex. 8 (emphasis omitted)).  The Band appears to believe that "Mesa Grande Indian Reservation" is synonymous with "Mesa Grande Band of Mission Indians." Of course, the Band ignores the rest of the statute, which clarifies that the intended reservation is "known also as Santa Ysabel Reservation Numbered 1[,]" and that the parcel is "to be added to and become a part of said Indian reservation."  44 Stat. at 496–97.  Even without that statutory clarification, however, the Band's own

---

[1] By contrast, President Coolidge's temporary withdrawal of the land from the public domain, which preceded the 1926 Act, said only "Mesa Grande Indian Reservation."  *See* Def.'s Ex. 5 (ECF No. 7-5).

exhibits repeatedly acknowledge that Santa Ysabel Tract One happened to be called the Mesa Grande Indian Reservation. *See, e.g.,* Pl.'s Ex. 5 (ECF No. 10-5).

The Mesa Grande Band's exhibits also do not support its desired interpretation that the 1926 Act vested ownership in the Band. The Congressional committee reports for the 1926 Act include a Department of the Interior letter to Congress. *See* Pl.'s Ex. 6 (ECF No. 10-6); Pl.'s Ex. 7 (ECF No. 10-7). That letter states that the 1926 Parcel adjoins Santa Ysabel Tract One. *See* Pl.'s Ex. 6 at 1. Neither report makes any reference to the Mesa Grande Band. *See* Pl.'s Ex. 6; Pl.'s Ex. 7.

Plaintiff's Exhibit 4—which responded to a request in Plaintiff's Exhibit 1 that the 1926 Parcel be set aside for the Mesa Grande Band's use—questions why that should occur when the parcel adjoins the eastern edge of Santa Ysabel Tract One rather than the 120-acre parcel belonging to the Mesa Grande Band.[2] *See* Pl.'s Ex. 4 (ECF No. 10-4) (noting the 120-acre parcel is located two miles farther west). Plaintiff's Exhibit 5—which is a letter responding to Exhibit 4—concludes that "it would probably be best to have the 80 acres reserved for use of the Santa Ysabel

---

[2] A map showing the relative location of the four 1893 Parcels can be found on the last page of Defendant's Exhibit 4 (ECF No. 7-4).

Indians . . . ."[3]  Pl.'s Ex. 5.  Plaintiff's Exhibit 14 provides Interior's views on the

statutory language.  The memorandum concludes that, as of March 1971, Interior

viewed the 1926 Parcel as part of Santa Ysabel's Reservation and that it "should not

be deleted from the acreage of that Reservation."  Pl.'s Ex. 14 (ECF No. 10-14).

At most, Plaintiff's exhibits demonstrate why Congress decided to link the

1926 Parcel to an existing reservation rather than set it aside for a specific tribe.

For example, Plaintiff's Exhibit 5 notes that members of the Mesa Grande Band

also used and occupied Santa Ysabel Tract One and, thus, could potentially also be

included in what became the 1926 Parcel.  *See* Pl.'s Ex. 5.  The overlapping uses by

the Mesa Grande Band and Santa Ysabel led the former to seek review of the 1893

patents (including Santa Ysabel Tract One) when it learned that Santa Ysabel was

in fact the patent holder.  *See* Compl. ¶ 24.  Given the statutory link to Santa

Ysabel Tract One, the Band—and perhaps even Interior staff—may have initially

been confused as to the de facto beneficial interest holder for the 1926 Parcel.  But

any such confusion ended, at the latest, in 1978 when Interior concluded that it

would not change the patent for Santa Ysabel Tract One.  For the reasons set forth

below and in our Motion, that conclusion, its date, and the statutory link between

---

[3] The Band also refers to several documents that post-date the 1926 Act by decades.
*See* Pl.'s Br. at 19 (citing Pl.'s Exs. 9–12).  Given their date, the documents cannot
demonstrate any Congressional intent for the 1926 Act.  In any event, the
referenced exhibits include statements that the 1926 Parcel is part of the "Mesa
Grande Reservation."  *See* Pl.'s Ex. 9 at 6 (ECF No. 10-9); Pl.'s Ex. 10 (ECF No. 10-
10); Pl.'s Ex. 11 at 859–60, 862–63 (ECF No. 10-11); Pl.'s Ex. 12 at 3–4 (ECF No. 10-
12).  This is not remarkable given that "Mesa Grande Reservation" was also a name
for Santa Ysabel Tract One.  *See* Pl.'s Ex. 14.

Tract One and the 1926 Parcel present jurisdictional and other problems with the Mesa Grande Band's present Complaint, rendering it irreconcilably defective.

## II. The Statutory Link Between the 1926 Parcel and Santa Ysabel Tract One Means the Mesa Grande Band's Present Claims Accrued No Later Than the End of the Administrative Proceedings in April 1978

The Mesa Grande Band's present claims accrued no later than April 1978 when Interior's Assistant Secretary for Indian Affairs informed the Band that the trust patent for Santa Ysabel Tract One would remain in the name of Santa Ysabel. *See* U.S. Mot. to Dismiss for Lack of Jurisdiction & Mem. in Supp. Thereof 8–12, ECF No. 7 ("Mot."). Given the statutory link between Santa Ysabel Tract One and the 1926 Parcel, the Assistant Secretary's decision provided the Band with all the information it needed to inquire as to beneficial ownership of the 1926 Parcel and, thus, its present claims. *See id.* at 10–11. But the Mesa Grande Band did not pursue its alleged claim to the 1926 Parcel until it filed this lawsuit in 2014.

In its opposition, the Band argues that the United States' liability was not fixed until 1980 when the patent for the 1926 Parcel issued to Santa Ysabel. *See* Pl.'s Br. at 9–12. The Band claims the 1980 patent fixed the government's liability because it reassigned beneficial interest from the Mesa Grande Band to Santa Ysabel. The problem with the Band's argument is that it misreads the 1926 Act and therefore focuses on the wrong government action.

As explained above, the 1926 Act did not set aside the 1926 Parcel for the benefit of the Mesa Grande Band; it set aside the 1926 Parcel to be added to Santa Ysabel Tract One. *See supra* 2–7. Thus, if, as the Band claims, the beneficial interest vested with enactment of the 1926 Act, it vested in whichever tribe held the

beneficial interest for Santa Ysabel Tract One.  The pertinent government action here is not the patent for the 1926 Parcel, but the patent for Santa Ysabel Tract One.

The Mesa Grande Band claims to have been unaware until sometime in the late 1960s that the beneficial interest for Santa Ysabel Tract One had been patented to Santa Ysabel.  Compl. ¶ 24.  If true, and given the statutory link between Tract One and the 1926 Parcel, the Band would have had no reason, prior to that date, to inquire about beneficial ownership of the 1926 Parcel.  But that changed no later than the Assistant Secretary's 1978 decision regarding Santa Ysabel Tract One.  *See* Def.'s Ex. 4 (decision); Def.'s Ex. 8 (April 4, 1978, letter notifying the Mesa Grande Band of the decision).  After April 1978, the Mesa Grande Band knew with certainty that Santa Ysabel was the beneficial interest holder for Santa Ysabel Tract One.  Given the plain language of the 1926 Act, it is therefore unreasonable for the Band to argue it was unaware that Santa Ysabel was also the beneficial interest holder for the 1926 Parcel.  The Band did not need the 1980 patent to argue that it was the rightful beneficiary, and the six-year limitations period for the Band's present claims closed in April 1984.

The Band is also incorrect that the accrual suspension rule applies here.  *See* Pl.'s Br. at 12–15.  The rule provides two limited circumstances in which the accrual date is effectively deferred because the plaintiff did not know about its claim.  *See Ingrum v. United States*, 560 F.3d 1311, 1314–15 (Fed Cir. 2009).  The plaintiff must demonstrate either that the alleged harm was "inherently unknowable," or

that the government concealed its acts or necessary information.  *Id.* at 1315.  In the former circumstances, suspension would "'require[ ] what is tantamount to sheer impossibility of notice.'"  *Ram Energy, Inc. v. United States*, 94 Fed. Cl. 406, 411 (2010) (quoting *Rosales v. United States*, 89 Fed. Cl. 565, 578 (2009)).  The "rule is to be 'strictly and narrowly applied.'"  *Petro-Hunt, L.L.C. v. United States*, 90 Fed. Cl. 51, 62 (2009) (quoting *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003)).

As we explained in our Motion, the Band's claims were not inherently unknowable.  *See* Mot. at 10–11.  The 1978 administrative decision and the statutory link between the 1926 Parcel and Santa Ysabel Tract One—both of which the Band was aware—provided the Band all the knowledge it needed to inquire regarding the status of the 1926 Parcel.  The Band argues that this is of no matter because an inquiry in 1978 would not have uncovered the 1980 patent.  Pl.'s Br. at 12.  But this again focuses on the wrong government action.  Nothing prevented the Band, in light of the Assistant Secretary's decision on Tract One, from inquiring as to how that decision affected beneficial ownership of the 1926 Parcel.  Indeed, other documents support a conclusion that the Band was *actually* aware of Interior's views.  Plaintiff's Exhibit 13 demonstrates that by at least March 1971 the Band believed the 1926 Parcel to be among the reservation acreage that Interior attributed to Santa Ysabel.  *See* Pl.'s Ex. 13 (ECF No. 10-13) ("the Mesa Grande Band feels this is further evidence that the 80 acres should be added to their 120 acres and deleted from the acreage total of the Santa Ysabel Reservation.").

It is also difficult to imagine how the government could have concealed the necessary information here. The Band argues that concealment occurred because Interior did not send the Band notice of the 1980 patent. *See* Pl.'s Br. at 13–14. But the pertinent act is not issuance of the 1980 patent; it is Interior's 1978 decision that the patent for Santa Ysabel Tract One would remain with Santa Ysabel. The Mesa Grande Band does not deny knowledge of this decision or the 1926 Act that linked Tract One with the 1926 Parcel. The Band's present claims therefore accrued no later than April 1978. But the Band did not file suit until 2014, well outside the six-year statute of limitations in 28 U.S.C. § 2501.

## III.  The Mesa Grande Band Cannot Demonstrate a Property Interest in the 1926 Parcel Because the Band Concedes that It Was Not and Is Not the Beneficial Interest Holder for Santa Ysabel Tract One

The plain language of the 1926 Act also means that the Mesa Grande Band cannot demonstrate that it was ever the beneficial interest holder for the 1926 Parcel. Our Motion explained that, because Santa Ysabel held (and holds) the beneficial interest for Santa Ysabel Tract One, that tribe also held (and holds) the beneficial interest in the 1926 Parcel. *See* Mot. at 12–13. The Mesa Grande Band therefore cannot state a claim for which relief can be granted under the Fifth Amendment or for its breach of trust claim. *See id*. at 12–14.

In its response, the Mesa Grande Band does not dispute that Santa Ysabel has always been the beneficial interest holder for Santa Ysabel Tract One. *See* Pl.'s Br. at 16–22. Instead, the Band argues that Tract One is irrelevant because the 1926 Act, at its enactment, vested beneficial interest for the 1926 Parcel in the Mesa Grande Band. *See id.* As detailed above, that conclusion is contrary to the

10

1926 Act. *See supra* 2–7. The Act did not set aside the 1926 Parcel for the Mesa Grande Band; it set aside the 1926 Parcel to be added to Santa Ysabel Tract One. *See* 44 Stat. at 496–97. The concession that Santa Ysabel was and is the interest holder for Tract One means that, under the plain language of the 1926 Act, the Mesa Grande Band has never been the beneficial interest holder for the 1926 Parcel.

Despite its attempts to convince the Court of the contrary (*see* Pl.'s Br. at 26 n.20), the only manner in which the Mesa Grande Band could demonstrate a property interest in the 1926 Parcel is to argue that the Band should have been the beneficial interest holder in Santa Ysabel Tract One. Our Motion explained that issue preclusion and the policy considerations behind the Quiet Title Act's Indian lands exception prevent the Band from making such an argument. *See* Mot. at 14–16. The Band's responses on those two argument miss the point altogether.

As to issue preclusion,[4] the Mesa Grande Band argues that: (1) beneficial interest in Santa Ysabel Tract One is a separate question from beneficial interest in the 1926 Parcel; (2) beneficial interest in Santa Ysabel Tract One was not at issue in the prior administrative proceedings; and (3) Interior's Office of Hearings and

---

[4] The Band correctly cites the standard for issue preclusion on page 22 of its brief, but then later references a "transactional test for determining whether the same cause of action is asserted in two lawsuits." Pl.'s Br. at 23–24. As evidenced by the cases to which the Band cites, that standard is the one for claim preclusion, not issue preclusion. *See Simons v. United States*, 74 Fed Cl. 709, 713–15 (2006); *Mars Inc. v. Nippon Conlux Kabushik-Kaisha*, 58 F.3d 616, 617–20 (Fed Cir. 1995).

Appeals was not acting in a judicial capacity. *See* Pl.'s Br. at 22–26 & n.15. None of those arguments are correct.

The Band's first point again ignores the plain language of the 1926 Act, which directly links beneficial ownership in the 1926 Parcel to Santa Ysabel Tract One. *See* 44 Stat. at 496; *supra* at 2–7.

The Band's second point is even farther afield. The Mesa Grande Band pursued the administrative proceedings in hopes that Interior would "administratively cancel the [1893] patents and reissue them in their name." Def.'s Ex. 4 at 3; *see* Compl. ¶ 24. The Band attempts to escape this fact by arguing that the proceedings focused on whether the patents (including that for Tract One) had been issued in error rather than which tribe actually held the patents. *See* Pl.'s Br. at 25–26. But that is exactly the point. To prevail here, the Mesa Grande Band would need to argue that, despite Santa Ysabel's patent for Tract One, the Mesa Grande Band should have been the patent holder. That question was squarely at issue and decided in the administrative proceedings. *See* Mot. at 14–15 (referring to Def.'s Ex. 7, ECF No. 7-7). The Band claims that the beneficial interest in Santa Ysabel Tract One was not actually litigated because Interior determined it lacked jurisdiction. *See* Pl.'s Br. at 22–23 n.15. But this is not what the Assistant Secretary determined, instead adopting the administrative law judge's finding that the Mesa Grande Band had not overcome its burden of proof to demonstrate that the 1893 patents had been issued in error. *See* Def.'s Ex. 4 at 4–5. The Mesa

Grande Band does not dispute that it took no timely further action to challenge the Assistant Secretary's conclusions.

The Band's third point argues—without citing any authority—that the Interior Office of Hearings and Appeals ("OHA") was not acting in a judicial capacity because the Assistant Secretary was the ultimate decision-maker. *See* Pl.'s Br. at 22–23, n.15 (citing 43 C. F.R. §§ 4.1, 4.21(c) (1975)). But the relevant inquiry is not who held the decision-making authority; it is whether OHA "resolved disputed issues of fact properly before it which [the] parties [had] an adequate opportunity to litigate." *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966). The Court of Federal Claims has recognized that proceedings before OHA can meet that standard. *See Underwood Livestock, Inc. v. United States*, 89 Fed. Cl. 287, 299–300 (2009) (finding preclusive effect in decision of Interior Board of Land Appeals, which is a component of OHA under 43 C.F.R. § 4.1(c)). Here, the administrative proceedings involved two days of trial with the ability to cross-examine witnesses and present evidence. *See* Def.'s Ex. 4 (Assistant Secretary's decision); Def.'s Ex. 7 (administrative law judge's findings). "There is, therefore, neither need nor justification for a second evidentiary hearing on these matters already resolved as between these two parties." *Utah Constr.*, 384 U.S. at 422. The

Band cannot now advance the same argument it litigated and lost before Interior nearly forty years ago.[5]

As to the Quiet Title Act, the Mesa Grande Band argues that the Act does not necessarily divest this Court of jurisdiction whenever a question of title is inherent in demonstrating a property interest. Pl.'s Br. at 26–27. But we have not argued that the Quiet Title Act divests the Court of jurisdiction over this case. *See* Mot. at 15–16. Instead, as a buttress to our issue preclusion argument, we argue that the Band should not be allowed to adjudicate beneficial ownership for Santa Ysabel Tract One as part of this case because the Quiet Title Act's Indian lands exception would not allow the Band to directly pursue the patent. *See id.* The argument does not relate to jurisdiction, but to a mixed question of law and fact that the Court would need to address as part of the Band's case.

Thus, the circumstances here are different from those in *Oak Forest, Inc. v. United States*, 23 Cl. Ct. 90 (1991), and the other cases to which the Band cites. *See* Pl.'s Br. at 26–27. None of the Band's cases involved lands that the United States held in trust for an Indian tribe. *See Oak Forest*, 23 Cl. Ct. at 91–92; *Bourgeois v. United States*, 545 F.2d 727, 728–29 (Ct. Cl. 1976); *Yaist v. United States*, 656 F.2d 616, 619–20 (Ct. Cl. 1981); *Gila Gin Co. v. United States*, 231 Ct. Cl. 1001, 1002

---

[5] The Band misreads the administrative decisions in arguing that they recognized the Band's rights to the two 1893 Parcels. *See* Pl.'s Br. at 25 & n.19. Neither decision determined that the Band or its members possessed or occupied the disputed tracts at the time of the Smiley Commission. *See* Def.'s Exs. 4, 7. The decisions' references to a potential shared governance structure amounted to a suggested policy option, not a decision in favor of the Band. *See* Def.'s Ex. 4 at 4–5; Def.'s Ex. 7 at 11–12.

(1982).  The cases focused on whether the Tucker Act's and Quiet Title Act's jurisdictional grants were mutually exclusive, concluding that they were not.  *See Oak Forest*, 23 Cl. Ct. at 93–98.  But, when Indian lands are at issue, Congress has preserved the United States sovereign immunity—*no court* has jurisdiction to quiet title.  *See* 28 U.S.C. § 2409a(a); *United States v. Mottaz*, 476 U.S. 834, 842 (1986).  The Mesa Grande Band should not be allowed to maneuver around that sovereign immunity by having beneficial ownership in the Santa Ysabel Tract One litigated with potentially preclusive effect in a takings case involving another piece of land.

Because the Mesa Grande Band cannot argue that it was the intended beneficiary for Santa Ysabel Tract One—and, indeed, concedes that it was not—the Band cannot prove that it ever held a beneficial interest in the 1926 Parcel that is the subject of this case.  The Band therefore cannot state a claim for relief that can be granted.

## IV. Any Factual or Legal Dispute Over the Beneficial Interest Holder for Santa Ysabel Tract One Could Not Proceed Because Santa Ysabel is a Necessary Party that Cannot Be Joined Due to Sovereign Immunity

RCFC 19 presents an additional bases for this case to be dismissed.  Because determining beneficial ownership for the 1926 Parcel necessarily involves an inquiry into beneficial ownership for Santa Ysabel Tract One, the case directly implicates Santa Ysabel's interest in Tract One.  *See* Mot. at 17–19.  Santa Ysabel's absence impairs its ability to protect that interest, thus making the Tribe a necessary party under RCFC 19(a)(1)(B)(i).  *See id.* at 18–19 (analogizing to *Rosales v. United States*, 89 Fed. Cl. 565 (2009)).  Santa Ysabel's sovereign immunity as a federally-recognized Indian tribe, however, means it cannot be joined and also

15

weighs heavily in favor of dismissing this case.  *See id.* at 20–21 (considering factors under RCFC 19(b)).

The Mesa Grande Band does not dispute that Santa Ysabel cannot be joined. Instead, the Band argues that Santa Ysabel is a not a necessary party to begin with because "a favorable ruling for Mesa Grande on its claim for money damages . . . does not require a determination that [Santa Ysabel Tract One] was not properly patented to Santa Ysabel" and that "title to the 1926 [Parcel] is not controlled by the title to [Santa Ysabel Tract One.]"  Pl.'s Br. at 29.  The Band again ignores the plain language of the 1926 Act, as well as the very nature of its case.

To prevail on its claims, the Mesa Grande Band would need to show that a government action interfered with a compensable property interest.  *See Karuk Tribe of Cal. v. Ammon*, 209 F.3d 1366, 1374 (Fed. Cir. 2000).  The Band's asserted property interest is beneficial ownership in the 1926 Parcel, which the Band claims derives from the 1926 Act.  *See* Pl.'s Br. at 20 (citing 44 Stat. at 496).  The 1926 Act directed that the 1926 Parcel "be added to and become a part of [Santa Ysabel Tract One]."  44 Stat. at 497.  The Court therefore could not find a property interest—or, for that matter, even adopt the Mesa Grande Band's arguments on the present Motion—without concluding that the Mesa Grande Band, not Santa Ysabel, actually holds or should have held the beneficial interest in Santa Ysabel Tract One.

Because proceeding with this case will require a determination as to which tribe is or should have been the beneficiary for Santa Ysabel Tract One, the United

States cannot adequately represent Santa Ysabel's interest. *See* Mot. at 19. "In disputes involving intertribal conflict, the United States cannot properly represent any of the tribes without compromising its trust obligations owed to all tribes." *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1460 (9th Cir. 1994) (citation omitted). The Mesa Grande Band argues that its case does not implicate that principle by again pointing out that its suit seeks just compensation rather than title. *See* Pl.'s Br. at 32 n.27. But this again ignores the statutory link in the 1926 Act. In order to conclude that the Mesa Grande Band had a property interest in the 1926 Parcel, the Court would have to conclude that the Band is or should have been the interest holder in Santa Ysabel Tract One. The Mesa Grande Band's gain would directly implicate Santa Ysabel's property interest.

Thus, as we explained in our Motion, the Rule 19 logic here is very similar to that in *Rosales v. United States*, 89 Fed. Cl. at 584–86. *See* Mot. at 18–19. "Adjudicating [the Mesa Grande Band's] claims would require determining the threshold question of [the Band's] beneficial ownership of [Santa Ysabel Tract One], and thus necessarily implicates [Santa Ysabel's] ownership interest." *Rosales*, 89 Fed. Cl. at 585. The Mesa Grande Band misses the point altogether in attempting to distinguish *Rosales* on the grounds that Santa Ysabel's current patent for the 1926 Parcel will not be impaired. *See* Pl.'s Br. at 30; *see also id.* at 29 & n.22, 32.

Santa Ysabel's interest in *Santa Ysabel Tract One*, not the 1926 Parcel, forms the basis of our Rule 19 arguments.[6]

Despite the similarities to *Rosales*, the Mesa Grande Band attempts to analogize to *United Keetoowah Band of Cherokee Indians v. United States (UKB)*, 480 F.3d 1318 (Fed. Cir. 2007). In *UKB*, the Federal Circuit determined that the absent tribe was not a necessary party under RCFC 19(a)(1)(B)[7] because it did not have an "interest relating to the subject of the action." 480 F.3d at 1324 (quoting RCFC 19(a) (emphasis omitted)). The court concluded that "the subject matter of the action" related to claims that Congress had authorized the plaintiff tribe to bring, meaning the absent tribe held no interest in the suit. *See id.* at 1325–27.

The circumstances in *UKB* were quite different from those present here. The Federal Circuit based its conclusion on the Settlement Act that authorized the suit in question. *See id.* at 1326–27. That Act "expressly prohibit[ed] adjudication of current title to any portion" of the lands in which the absent tribe asserted an

---

[6] The Mesa Grande Band is also incorrect in asserting that Santa Ysabel's beneficial interest in the 1926 Parcel will not be implicated. The interest is based upon the statutory link in the 1926 Act and the Department of the Interior's determination that Santa Ysabel's patent for Santa Ysabel Tract One would not be changed. *See* Pl.'s Ex. 14. Thus, a finding by this Court that the Mesa Grande Band holds or should have held the beneficial interest for Santa Ysabel Tract One would repudiate the very basis of Santa Ysabel's interest in the 1926 Parcel.

[7] RCFC 19 was restyled in 2008 to conform with Rule 19 of the Federal Rules of Civil Procedure. *See* RCFC 19 Rules Comm. Notes (Nov. 3, 2008). What was RCFC 19(a)(2), as cited by the Federal Circuit in UKB, is now RCFC 19(a)(1)(B).

exclusive right.[8]  *See id.* at 1326 (quoting 25 U.S.C. § 1779g).  No similar temporal limitation can be made here.  Because of the still-present statutory relationship between the 1926 Parcel and Santa Ysabel Tract One, answering whether Santa Ysabel or the Mesa Grande Band was the intended beneficiary for Santa Ysabel Tract One implicates the Santa Ysabel's present and future interest in Tract One.

The Mesa Grande Band is also wrong in asserting that, even if Santa Ysabel is a necessary party, the case should not be dismissed under RCFC 19(b).  *See* Pl.'s Br. at 33–34.  The Band argues the case can proceed because the Band seeks only money damages.  *See id.*  According to the Band, this means that Santa Ysabel's present beneficial ownership in the *1926 Parcel* will not be prejudiced by a judgment.  *See id.*  But it is not the potential remedy that creates the prejudice; it is the question presented by the Band's case.  To adjudicate this case, the Court would need to opine on the beneficial interest holder for *Santa Ysabel Tract One.*  A judgment in the Mesa Grande Band's favor—which would necessarily require a conclusion that the Band, rather than Santa Ysabel, was or should have been the beneficial interest holder for Tract One—would prejudice Santa Ysabel's sovereign interest in that Tract.  Because Santa Ysabel cannot be joined to protect its own interests, this case should be dismissed.

---

[8] The fact that the claims in *UKB* were based upon a specific Congressional authorization also indicates a Congressional intent that the claims proceed despite any other affected interests.

## Conclusion

The Mesa Grande Band should have known no later than April 1978—thirty-six years prior to filing the Complaint—that Santa Ysabel, rather than the Mesa Grande Band, was the beneficial interest holder for the 1926 Parcel. The Band's claims are therefore time-barred. The fact that the Mesa Grande Band has never been the beneficial interest holder for Santa Ysabel Tract One also means they cannot state a claim under the Fifth Amendment or for a breach of trust with respect to the statutorily-linked 1926 Parcel. Finally, because adjudicating the Mesa Grande Band's case would require a judicial determination that the Band, rather than Santa Ysabel, was or should have been the beneficial interest holder in Santa Ysabel Tract One, the absent Santa Ysabel is a necessary and indispensable party without whom this case should not proceed. The Complaint should be dismissed.

Dated: March 20, 2015

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General

 s/ Kristofor R. Swanson
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Trial Attorney
Natural Resources Section
Environment & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov


Of Counsel:

BETHANY SULLIVAN
Division of Indian Affairs
Office of the Solicitor
U.S. Department of the Interior
333 Bush Street, Suite 775
San Francisco, CA


## CERTIFICATE OF SERVICE


I hereby certify that on March 20, 2015, I filed the above pleading with the Court's CM/ECF system, which will send notice of such filing to all parties.


 _s/ Kristofor R. Swanson_____
KRISTOFOR R. SWANSON