## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(electronically filed on June 12, 2015)

| | |
|---|---|
| MESA GRANDE BAND OF MISSION INDIANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>Defendant. )<br>) | Case. No. 14-1051L<br><br>Judge Charles F. Lettow |

## DEFENDANT'S ANSWER
## TO PLAINTIFF'S COMPLAINT

Defendant United States, through undersigned counsel, hereby answers the allegations in Plaintiff's Complaint, ECF No. 1. Defendant denies any and all allegations in Plaintiff's Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein. The numbered paragraphs of this Answer correspond to the numbered paragraphs and sections of the Complaint.

## INTRODUCTION

1. The allegations in paragraph 1 provide Plaintiff's characterization of this action to which Defendant needs not respond. To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief. Additionally, the allegations in paragraph 1 include Plaintiff's description, characterization, summarization or quoting of the 1926 Act, Pub. L. No. 69-280, 44 Stat. 496 (May 10, 1926), which speaks for itself and is the best evidence

of its contents. To the extent the allegations are incomplete or inconsistent with the 1926 Act, they are denied.

## JURISDICTION

2. The allegations of paragraph 2 are conclusions of law, argument, and jurisdictional allegations, and as such require no response. Paragraph 2 also consists of characterizations of the Tucker Act, 28 U.S.C. § 1491, and the Indian Tucker Act, 28 U.S. § 1505, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendant denies this Court has jurisdiction.

## PARTIES

3. Defendant admits that the Mesa Grande Band of Mission Indians ("Mesa Grande" or "Band") is a federally-recognized Indian Tribe that has reservation land located within San Diego County. Defendant admits that Tracts 1 and 2 are held in trust by the United States for the Iipay Nation of Santa Ysabel ("Santa Ysabel"). Defendant admits that the Plaintiff has disputed the beneficial ownership of Tract 1 and 2 at various times since the 1960s and that Plaintiff has submitted an administrative request pertaining to these tracts that is currently pending before the Assistant Secretary – Indian Affairs.

4. Defendant admits the allegations in paragraph 4.

## FACTUAL AND LEGAL BACKGROUND

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendant admits that President Harrison approved the subject report and that, pursuant to the Smiley Commission recommendations, land patents to the three tracts withdrawn by the 1875 Executive Order were issued on or around February 10, 1893, to the Santa Ysabel, and a 120-acre tract withdrawn by the 1883 Executive Order was issued to the Plaintiff on or around the same date.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9, and on that basis denies the allegations. Defendant denies the allegations in the second sentence.

10. The allegations in paragraph 10 consist of quotations from and Plaintiff's characterization of the June 1, 1925, letter, which speaks for itself and provides the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the letter.

11. The allegations in paragraph 11 consist of quotations from and Plaintiff's characterization of the June 1, 1925 letter, which speaks for itself and provides the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the letter.

12. The allegations in paragraph 12 consist of quotations from and Plaintiff's characterization of the August 25, 1925 letter, which speaks for itself and

provides the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the letter.

13. The allegations in paragraph 13 consist of quotations from and Plaintiff's characterization of the 1925 Executive Order, which speaks for itself and provides the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the Order.

14. The allegations in paragraph 14 provide Plaintiff's characterization of the December 14, 1925 letter, which speaks for itself and provides the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the letter.

15. The allegations in paragraph 15 consist of quotations from and Plaintiff's characterization of the December 19, 1925, letter, which speaks for itself and provides the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the letter.

16. The allegations in paragraph 16 consist of quotations from and Plaintiff's characterization a January 15, 1926, letter and draft bill, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the documents.

17. The allegations in paragraph 17 correctly quote the statute, but Defendant denies that the statute reserved the 80-acre tract for Plaintiff.

18. Denied.

19. Defendant admits that the statute directed that the 80-acre parcel be added to Santa Ysabel Tract One, but deny any remaining allegations in paragraph 19.

20. Denied.

21. The allegations in paragraph 21 consist of quotations from and Plaintiff's characterization of the June 8, 1926, letter, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the letter.

22. Defendant admits that General Land Office did not issue a patent for the 80 acres to the Mesa Grande Band, but denies the remaining allegations in paragraph 22.

23. The allegations in paragraph 23 provide Plaintiff's characterizations of unnamed Interior reports and the 1926 Act, which speak for themselves and provide the best evidence of their contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the reports and Act.

24. Defendant admits that the Department of Housing and Urban Development denied the Mesa Grande Band's application for funds in the 1960s due to Santa Ysabel's beneficial ownership of Tracts 1 and 2 and that the Band subsequently requested Interior to alter the land patents. Defendant denies that the Mesa Grande Band has ever held a beneficial interest in Tracts 1 and 2.

25. Defendant admits that the Band made the referenced argument to the Department of the Interior.

26. Defendant admits that the Assistant Secretary denied the Band's request. The remaining allegations in paragraph 26 consist of quotations from and Plaintiff's characterization of the Assistant Secretary's Decision in the Matter of Beneficial Ownership Between the Mesa Grande and Santa Ysabel Bands of Mission Indians of Certain Reservation Lands (Mar. 9, 1978), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the Decision.

27. The allegations in paragraph 27 consist of quotations from and Plaintiff's characterization of the Assistant Secretary's Decision in the Matter of Beneficial Ownership Between the Mesa Grande and Santa Ysabel Bands of Mission Indians of Certain Reservation Lands (Mar. 9, 1978), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the Decision.

28. Defendant admits that Mesa Grande Band is a federally-recognized tribe with which Defendant has a government-to-government relationship. The remaining allegations in paragraph 28 consist of quotations from and Plaintiff's characterization of the Assistant Secretary's Decision in the Matter of Beneficial Ownership Between the Mesa Grande and Santa Ysabel Bands of Mission Indians of Certain Reservation Lands (Mar. 9, 1978), which speaks for itself and is the best

evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the Decision.

29. Defendant denies that is has never attempted to organize a single tribal government for those individuals who live on Tracts 1 and 2, and avers that, in the 1970s, the Department of the Interior held discussions with tribes on such a possibility. The remaining allegations in paragraph 29 consist of quotations from and Plaintiff's characterization of the Assistant Secretary's Decision in the Matter of Beneficial Ownership Between the Mesa Grande and Santa Ysabel Bands of Mission Indians of Certain Reservation Lands (Mar. 9, 1978), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the Decision. Further, the allegations are vague and ambiguous in that they do not identify the "three tracts," and on that basis Defendant denies the allegations.

30. Defendant admits the allegations in the first sentence of paragraph 30. The remaining allegations in paragraph 30 provide Plaintiff's characterization of a February 26, 1980, letter, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the letter.

31. Defendant admits that the Department of the Interior issued Trust Patent No. 04-80-0023 on July 30, 1980, to the Santa Ysabel, but deny any remaining allegations in paragraph 31.

32. The allegations in paragraph 32 provide Plaintiff's characterization of the August 22, 1980, letter, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations that are incomplete, inconsistent with, or contrary to the letter.

33. Denied.

34. Defendant admits that it provided Plaintiff with responses to its 2010 Freedom of Information Act request and that the responses included the 1980 patent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and on that basis denies the allegations.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 35 and on that basis denies the allegations. Defendant denies the allegations in the second sentence of paragraph 35.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and on that basis denies the allegations.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and on that basis denies the allegations.

38. Admitted.

39. Defendant denies the allegations in the first clause of paragraph 39. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's use or non-use of the subject tract and on that basis denies the remaining allegations.

40. The allegations in paragraph 40 describing the tract as "remotely located," "isolated," and "extremely rough terrain" are vague and ambiguous as to their use of those terms, and Defendant therefore denies those allegations. Defendant admits that the 80-acre tract is not directly accessible by any paved roadway, but is without knowledge or information sufficient to form a belief as to the truth of the allegation that the tract can be accessed from Tract 1 only on foot, and on that basis denies the allegation.

41. Defendant is not aware of any changes in the land use of the 80-acre tract since 1980, and the Department of the Interior has no record of residences or leases on the tract. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and on that basis denies the allegations.

42. Denied.

43. Denied.

**FIRST CLAIM FOR RELIEF**
**Taking of Property Without Just Compensation**

44. Defendant incorporates by reference herein its responses to paragraphs 1 through 43 above.

45. The allegations in paragraph 45 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

46. Denied.

47. Denied.

48. Denied.

### SECOND CLAIM FOR RELIEF
### Breach of Trust

49. Defendant incorporates by reference herein its responses to paragraphs 1 through 48 above.

50. Denied.

51. Denied.

### PRAYER FOR RELIEF

The balance of the Complaint provides Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

### DEFENSES

1. Plaintiff's claims accrued outside the applicable statute of limitations and the Court therefore lacks jurisdiction.

2. Plaintiff has never held a compensable property interest in the 80-acre tract.

3. Issue preclusion prohibits Plaintiff from arguing it held a compensable property interest.

4. The Iipay Nation of Santa Ysabel is a necessary and indispensable party without whom the case cannot proceed.

Respectfully submitted this 12th day of June 2015,

        JOHN C. CRUDEN
        Assistant Attorney General

        *Kristofor R. Swanson*
        KRISTOFOR R. SWANSON
        (Colo. Bar No. 39378)
        Trial Attorney
        Environment and Natural Resources Division
        Natural Resources Section
        United States Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Phone: (202) 305-0248
        Fax:    (202) 305-0506
        kristofor.swanson@usdoj.gov

        *Attorney of Record for the United States*

OF COUNSEL:
BETHANY SULLIVAN
Division of Indian Affairs
Office of the Solicitor
U.S. Department of the Interior
333 Bush Street, Suite 775
San Francisco, CA

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2015, I filed the above pleading with the Court's CM/ECF system, which will send notice of such filing to all parties.

                                              *s/ Kristofor R. Swanson*
                                              KRISTOFOR R. SWANSON